UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN NIEMIERA, | |
| Plaintiff, | **Honorable Madeline Cox Arleo** |
| v. | |
| BELL ATLANTIC, et al., | **Civil Action No.** <br> **02-5867 (WGB)** |
| Defendants. | |

**REPORT AND RECOMMENDATION**

Presently before the Court is Plaintiff's Motion to Vacate the Order dated February 6, 2003 dismissing Plaintiff's claims with prejudice and Defendants' Cross-Motion to Dismiss portions of the Amended Complaint with prejudice. The Honorable William G. Bassler referred the Motion to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72, and New Jersey Local Rule 72.1(a)(2). Accordingly, after considering the briefs submitted by counsel in support of and in opposition to the Motion, and for the reasons expressed below, this Court respectfully recommends that Plaintiff's Motion to Vacate be denied and the Motion to Dismiss be granted, in part, and denied, in part.

**BACKGROUND**

In May 2001, Plaintiff, John Niemiera, retained the law offices of A. Kenneth Weiner to bring suit against his former employer, Bell Atlantic (now known as Verizon). Pl. Revised Br. ¶ 1,

at 4.  Mr. Niemiera asserted claims under the Americans With Disabilities Act, 42 U.S.C. § 12101, et seq., ("ADA"), and the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1 et seq., ("NJLAD"), as well as various common law claims.  The underlying basis for the Complaint stems from a severe medical condition that Mr. Niemiera alleges he developed while working at Bell Atlantic's "Hillsdale" facility.  Id. ¶¶ 1-45, at 15-26.  On September 5, 2001, Plaintiff's counsel, Mr. Weiner, and his associate, Mr. Jeffrey Lichtenstein, filed the Complaint in Superior Court of New Jersey, Middlesex County, docket no. L-8473-01.  Id. ¶ 2, at 5.

Bell Atlantic and the named individual Defendants, Lynn Eberhardt and Randal Clayton, retained the law firm of Pitney, Hardin, Kipp and Szuch to represent their interests. Id. ¶ 3, at 5.  On October 31, 2001, counsel for Defendants removed the case to the United States District Court for the District of New Jersey based on federal question jurisdiction.  Id.  The case was assigned to the Honorable Katherine S. Hayden, docket number 01-5076.  In lieu of answering the Complaint, Defendants filed a Motion to Dismiss the Complaint for Failure to State a Claim.  Id. ¶ 4, at 5.

Judge Hayden ordered that the federal ADA claims against Bell Atlantic be dismissed without prejudice, because Plaintiff failed submit the claims to the Equal Employment Opportunity Commission ("EEOC") prior to filing the law suit.  Order of February 27, 2002, Civil Action No. 01-5076.  Judge Hayden dismissed the ADA claims against the individually named Defendants with prejudice.  Furthermore, Judge Hayden dismissed the state common law claims (Counts 3, 7, and 8) with prejudice, as unopposed by Plaintiff's counsel, and declined to retain supplemental jurisdiction over the remaining state statutory claims and claims sounding in contract law.  Id.

After receiving the EEOC's right to sue letter, Mr. Weiner and Mr. Lichtenstein filed a second Complaint in Middlesex County Superior Court on September 23, 2002, docket number L-

8592-02.  This Complaint was identical to the previously filed Complaint.  Even though Bell Atlantic terminated Plaintiff's employment in the interim between the two filings (on March 28, 2002), the second Complaint did not contain any claims relating to the termination.  Id.  Defendants again removed the case to the District Court based on the federal ADA claims, and, as before, Defendants moved to dismiss based on a failure to state a claim.  Id. ¶ 9, at 7.  This present case was assigned to the Honorable William G. Bassler, docket number 02-5867.

In an effort to streamline the case and avoid unnecessary motion practice, counsel for the parties participated in a telephone conference call with this Court on January 29, 2003.  Mr. Lichtenstein, on behalf of Plaintiff, agreed to voluntarily dismiss all claims except the ADA claim in Count 2.  The parties agreed that Mr. Lichtenstein would file an amended complaint, articulating the ADA claim with specificity; Defendants would then advise the Court if there were any further bases for a motion to dismiss.  Shoeman Dec. ¶ 5.  Shortly thereafter, counsel for Defendants prepared and submitted an Order to Judge Bassler, which provided for the dismissal of Counts 1, 3, 4, 5, 6, 7, and 8 with prejudice and without leave to amend.  Id. ¶ 6-8. Mr. Lichtenstein was copied on the Order and never objected to it.  Id.  As before, the remaining Count 2, addressing ADA claims, was dismissed with prejudice only as to the individually-named Defendants, but not as to Bell Atlantic. Id.  Judge Bassler entered the Order on February 6, 2003.  Plaintiff never filed an Amended Complaint as promised, and Defendant Bell Atlantic has never answered the Complaint.

During the summer of 2003, Plaintiff spoke with Mr. Lichtenstein and was told that Mr. Weiner would no longer represent him; in another conversation, Plaintiff was told that his file had been transferred to another attorney without his authorization.  Niemiera Cert. at 5-7.  Ultimately, in February 2004, Plaintiff retained Mr. Schaer, his present counsel, to represent him.  Id. at 11.  On

February 23, 2004, Mr. Schaer filed an Amended Complaint re-alleging claims under NJLAD and CEPA, the ADA, and common law tort claims. He also filed a motion to Vacate Judge Bassler's February 6, 2003 Order.

In his motion, Plaintiff requests that the February 6, 2003 Order dismissing his claims with prejudice be vacated. Additionally, Plaintiff asks that the Amended Complaint filed concurrently with this Motion be allowed to proceed, while Defendants seek to have portions of the Amended Complaint dismissed. Parties have raised arguments in support of and in opposition to this relief. The Court addresses these arguments seriatim.

## ANALYSIS

I. VACATING THE FEBRUARY 6, 2003 ORDER

    A. RELIANCE ON *Dunbar v. Triangle Lumber & Supply* IS MISPLACED

Relying on Dunbar v. Triangle Lumber & Supply Co., 816 F.2d 126 (3d Cir. 1987), Plaintiff first argues that the February 6, 2003 Order should be vacated because Plaintiff did not personally receive any notice from the clerk's office that his claims were being dismissed with prejudice. This court is satisfied that Dunbar does not provide a basis for such extraordinary relief.

In Dunbar v. Triangle Lumber & Supply Co., 816 F.2d 126 (3d Cir. 1987), the Third Circuit created a procedure that requires the clerk of the court to mail a notice directly to a litigant when the adversary has moved for dismissal based on a failure to prosecute pursuant to Fed. R. Civ. P. 41(b). This procedure "will put the client on notice of possible jeopardy to his or her legal interests by counsel's conduct at a time when the client can take appropriate action and when the Poulis balance has not been irretrievably struck in favor of the moving party." Id. at 129.

The Dunbar procedure originated in the limited context of a dismissal under Fed. R. Civ. P.

41(b) as a sanction for default by counsel. There is nothing in <u>Dunbar</u> to suggest that it should be expanded beyond that specific context. Where, as here, counsel voluntarily agreed, in the presence of this Court, to the dismissal of certain of Plaintiff's claims, this Court is satisfied that <u>Dunbar</u> is inapplicable. Plaintiff's motion to vacate on the basis of <u>Dunbar</u> is therefore denied.

    **B.**    **FEDERAL RULE OF CIVIL PROCEDURE 60 FAILS TO PROVIDE PLAINTIFF WITH RELIEF**

Plaintiff argues that Fed. R. Civ. P. 60 supports the Motion to Vacate. For the reasons stated below, this Court finds that Rule 60 does not support vacating the February 6, 2003 Order.

    1.    <u>Rule 60(a)</u>

Federal Rule of Civil Procedure 60(a) provides in pertinent part: "Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders." Fed. R. Civ. P. 60(a). Plaintiff argues that the phrasing of the February 6, 2003 Order dismissing Plaintiff's claims "with prejudice and without leave to amend" is an error within the meaning of Rule 60(a).

In describing the type of clerical errors falling within Rule 60(a), the Third Circuit has said that a clerical error "must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." <u>U.S. v. Guevremont</u>, 829 F.2d 423, 426 (1987) (citing <u>Dura-Wood Treating Co. v. Century Forest Indus.</u>, 692 F.2d 112, 114 (5th Cir. 1982)); <u>see, e.g.</u>, <u>Seidman v. Am. Mobile Sys.</u>, 965 F. Supp. 612, 628 (E.D. Pa. 1997) (Rule 60(a) error committed when the court "inadvertently omitted the provision barring all contribution and indemnity claims against the defendants from the findings and order"); <u>Haberern v. Kaupp Vascular Surgeons</u>, 1995 WL 312508 (E.D. Pa. 1995) (Rule 60(a) error

committed when the clerk wrongly recorded the judgment amount awarded to the plaintiffs). Here, the use of the words "with prejudice and without leave to amend" in the February 6, 2003 Order was in fact a deliberate choice of language that this Court concludes reflected the understanding of the parties at the time. Attorney Shoeman's uncontroverted affidavit makes clear that this was counsel's agreement. Shoeman Decl. ¶ 5-8. This claimed error bears no relation to the type of ministerial recordation error arising from simple oversight or omission. Thus, Rule 60(a) is not applicable, and the relief Plaintiff seeks is unavailable under this Rule.

   2. Rule 60(b)

FEDERAL RULE OF CIVIL PROCEDURE 60(b) states as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; . . .or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60 (b).

   A. Plaintiff's Motion to Vacate Based on Rule 60(b)(1) - (3) is Time Barred

Rule 60(b) specifically requires that "[m]otion shall be made within a reasonable time, and for the reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." Id. Plaintiff moved to vacate the February 6, 2003 Order on February 23, 2004, one year and seventeen days after the initial Order was entered. Thus, relief under subsections (1), (2), or (3) is time-barred.

B.   Plaintiff's Motion to Vacate Based on Rule 60(b)(6) Does Not Meet the Requirement of Extraordinary Circumstances

Rule 60(b)(6) is a "catch-all" category, reserved for extraordinary circumstances. Coltec Industries v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002) (citing In re Fine Paper Antitrust Litig., 840 F.2d 188 (3d Cir. 1988)); see also Boughner v. Sec'y Health, Educ., Welfare, 572 F.2d 976 (3d Cir. 1978). The party requesting relief bears the burden of showing that "absent such relief, an 'extreme' and 'unexpected' hardship will result." Boughner, 572 F.2d at 978.

In determining what constitutes "extraordinary circumstances," the Third Circuit held in Boughner that although, as a general rule, "a party is deemed to be bound by the acts of his attorney," an exception to the rule is warranted when attorney neglect amounts to a gross dereliction of duty. Id. Therefore, "gross neglect and abandoning of client by attorney create an exception to the rule that a client is bound by the acts of an attorney; and also constitute extraordinary circumstances permitting relief from a judgment under Rule 60 (b)(6)." Id. at n.9. The Boughner court reversed the judgment of the district court, and remanded the case for consideration of the merits of plaintiffs' claims. Id. at 979.

Boughner, however, is distinguishable from the present case. In Boughner, the attorney failed to file his opposition to a summary judgment motion for his clients, resulting in the loss of all the plaintiffs' claims – a result that falls within the meaning of an "extreme and unexpected hardship." Mr. Niemiera, on the other hand, retains the ability to bring his ADA claims, even though other of his other state law claims were dismissed. Mr. Neimiera cannot therefore satisfy the extreme and unexpected hardship standard to warrant relief under Rule 60(b)(6).

### C. LOCAL CIVIL RULE 7.1(g) MOTIONS FOR REARGUMENT

Local Civil Rule 7.1(g) permits a "District Judge or a Magistrate Judge to take a second look at any decision upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." ALLYN Z. LITE, NEW JERSEY FEDERAL PRACTICE RULES 35 (2005) (internal quotation omitted). The moving party bears the burden to set "forth concisely the matters or controlling decisions which counsel believes the [court] has overlooked." L. Civ. R. 7.1(g). A court may grant a motion for reargument[1] if "(1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." Database America, Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993). A motion for reargument (or reconsideration) is improper if the court is asked merely to "rethink what it had already thought through – rightly or wrongly." Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990).

Furthermore, according to Rule 7.1(g), the motion must be "served and filed within 10 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." L. Civ. R. 7.1(g). Courts may properly deny motions for reconsideration when they are not brought within the ten-day period. See, e.g., Merritt v. Medical Disability Ins. Plan., 1998 WL 1110694, *1 (D.N.J. 1998) ("[A] motion for reconsideration would be denied . . . because it was 'filed' more than nine months after the entry of the contested order, rather than within the requisite ten-day period").

---

[1] "Because New Jersey district courts have used the terms 'reargument' and 'reconsideration' interchangeably, Local Civil Rule 7.1(g) has been found to govern both motions for reargument and motions for reconsideration." Tehan v. Disability Mgt. Svcs., Inc., 111 F. Supp. 2d 542, 548 n.4 (D.N.J. 2000).

Relaxation of the timing requirement may be granted to prevent injustice pursuant to L. Civ. R. 83.2(b), but here that extraordinary remedy is not justified.

In the present case, Plaintiff does not point to any changes in the controlling law or any new evidence that has become available that would permit this Court to appropriately engage in reconsideration. Instead, Plaintiff contends that the February 6, 2003 Order should be vacated to prevent manifest injustice. Plaintiff argues that, had the Court considered the substantive law and factual bases for the claims at the time the February 6, 2003 Order was entered, any deficiencies in the pleadings would have been addressed by amendment, rather than by dismissal. As discussed above, this argument ignores the fact that the Order of dismissal was voluntarily consented to by Plaintiff's counsel. In addition, because Plaintiff's ADA claim remains open, Plaintiff's injury may yet be redressed. Thus, Plaintiff has not suffered manifest injustice. Finally, because Plaintiff's motion was not filed with in the ten-day period, it is untimely. For the reasons set forth above, the circumstances here do not warrant relaxation of the rule.

## II. THE AMENDED COMPLAINT FILED FEBRUARY 23, 2004

On February 23, 2004, Plaintiff, through his new counsel, Gregory S. Schaer, Esq., filed a First Amended Complaint. Counts one through five allege violations of the NJLAD; count six alleges intentional infliction of emotional distress; count seven alleges violations of the Conscientious Employee Protection Act, N.J.S.A. § 34:19-1 to -8 ("CEPA"); count eight alleges a violation of public policy; count nine alleges intentional tort; count ten alleges violations of the ADA. Unlike the first Complaint, Plaintiff alleges that the Amended Complaint is based on the events up to and including his termination.

Defendants move to dismiss several of the counts of the First Amended Complaint. First, Defendants argue that the Amended Complaint contains most of the same claims that were dismissed by Judge Bassler's February 6, 2003 Order "with prejudice and without leave to amend."[2] In addition, Defendants argue that many of the claims are based on the same set of facts that existed at the time that Plaintiff filed his September 2002 Complaint, which his attorney had knowledge of and failed to assert, and are therefore barred by the February 6, 2003 Order.

Plaintiff argues that the claims in the Amended Complaint are not barred by Judge Bassler's February 6, 2003 Order because they are based on Plaintiff's wrongful termination and the facts and events relating to Plaintiff's termination, which were not pled in the initial Complaint. Because Plaintiff's wrongful termination claim was ultimately filed prior to the expiration of the statute of limitations, Plaintiff argues that that claim and all related claims should not be dismissed.

This Court is persuaded that to the extent the Amended Complaint alleges new causes of action based on Plaintiff's termination, those claims are not barred by Judge Bassler's February 6, 2003 Order. A review of the initial Complaint makes clear that the claims were based solely on actions taken against Plaintiff while he was employed at Bell Atlantic. Plaintiff alleges that he was subjected to "pervasive and retaliatory treatment in the forms of threats of loss of employment, demotions and salary reduction." Comp. ¶ 7. Thus, to the extent Plaintiff sought to reallege those same claims based on pre-termination conduct, those claims would be barred by Judge Bassler's

---

[2] Defendants also argue that Plaintiff was not permitted to file his Amended Complaint without leave of court, since a dismissal order had been entered, citing Phillips v. Borough of Keyport, 179 F.R.D. 140 (D.N.J. 1998). Phillips is inapplicable here, however, since the February 6, 2003 Order was not a dismissal of all claims. Because Defendants never filed a responsive pleading to the Complaint, Fed. R. Civ. P. 15(a) is controlling and Plaintiff was not required to seek leave before filing the Amended Complaint.

February 7, 2003 Order, which dismissed those claims "with prejudice and without leave to amend."

The Amended Complaint, by contrast, alleges violations of NJLAD, the ADA, and common law tort claims based on the events leading up to and including his termination. These are entirely new claims seeking different forms of relief. While Judge Bassler's February 6, 2003 Order bars relitigation of the claims dismissed in the initial Complaint, it cannot bar future claims seeking different relief that arose <u>after</u> that Order was entered.

Thus, Defendants' motion to dismiss the Amended Complaint is granted only with respect to those claims that are set forth in Judge Bassler's February 6, 2003 dismissal Order and based on the same pre-termination conduct. Specifically, to the extent Plaintiff alleges violations of NJLAD (counts one through five), intentional infliction of emotional distress (count six), violation of public policy (count eight), and intentional tort (count nine) for alleged wrongful conduct while Plaintiff was an employee of Bell Atlantic, those claims are dismissed. To the extent that the Amended Complaint alleges new claims or theories based on Plaintiff's termination from Bell Atlantic in those same counts, except as set forth below, Defendants' motion to dismiss those claims is denied.[3]

Defendants also seek dismissal of count nine, which alleges an intentional tort. Plaintiff argues that the claim falls within the "intentional wrong" exception to the worker's compensation bar. Defendants argue that Plaintiff has failed to properly plead sufficient facts to state a claim. <u>Commonwealth of Pa. v. Pepsico</u>, 836 F. 2d 173, 179 (3d Cir. 1988). This Court is satisfied that

---

[3] Plaintiff concedes that if Judge Bassler's February 6, 2003 Order is not vacated, his CEPA claim is time-barred. Thus, since this Court has recommended that the February 6, 2003 Order not be vacated, the CEPA count in count seven is dismissed with prejudice as untimely. Likewise, Plaintiff does not object to the dismissal of all claims against the individual Defendants asserted under the ADA in count ten. Those claims are therefore also dismissed with prejudice.

Plaintiff has failed to plead count nine with requisite specificity as to post-termination conduct. Thus, Defendants' motion to dismiss count nine is granted without prejudice. Plaintiff is directed to file an Amended Complaint as to count nine within ten days of the date herein.[4]

## CONCLUSION

For the reasons stated above, this Court respectfully recommends that Plaintiff's Motion to Vacate the February 6, 2003 Order be denied. To the extent that the Amended Complaint alleges pre-termination causes of action which were previously dismissed by Judge Bassler's February 6, 2003 Order, the motion to dismiss is granted. To the extent that the Amended Complaint alleges new causes of action based on Plaintiff's termination, it is recommended that the motion be denied. In addition, it is recommended that count seven (CEPA) be dismissed with prejudice as it is barred by a one-year statute of limitations; that count nine (intentional tort) be dismissed without prejudice granting Plaintiff ten days from the date herein to re-plead with greater specificity; and that the claims against the individual Defendants set forth in count ten (ADA) be dismissed with prejudice.

Respectfully submitted,

*s/Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States Magistrate Judge**

---

[4] Defendants also argue that Plaintiff's ADA claim should be dismissed because Plaintiff "waited too long" to file his Amended Complaint, thereby causing prejudice to Defendants. "Delay, in and of itself, is an insufficient ground upon which to deny a motion to amend. The non-moving party must show that the moving party's delay in seeking the amendment will unfairly prejudice it." Phillips v. Borough of Keyport, 179 F.R.D. 140, 144 (D.N.J. 1998). Defendants' conclusory remarks about prejudice are insufficient to compel such drastic relief. The Court declines, therefore, to dismiss the ADA claim on this basis.